

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br>*Judson T. Mihok*<br>*Assistant United States Attorney*<br>*Judson.Mihok@usdoj.gov* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4903*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3091*<br>*TTY/TDD: 410-962-4462* |

November 8, 2013

Jonathan P. Van Hoven
Law Offices of Jonathan P. Van Hoven, P.A.
One North Charles Street, Suite 1215
Baltimore, MD   21201

Re:   <u>United States v. Lori Fisher</u>, Criminal No. JKB 13-0379

Dear Mr. Van Hoven:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted by November 15, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

1.   The Defendant agrees to plead guilty to Counts Three and Four of the Indictment which charges her with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). The Defendant admits that she is, in fact, guilty of these offenses and will so advise the Court.

<u>Elements of the Offense</u>

2.   The elements of Counts Three and Four to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about the dates specified in the Indictment in the District of Maryland, the Defendant:

1

a.      the Defendant knowingly distributed a visual depiction;

b.      the depiction was shipped or transported in interstate or foreign commerce by any means including computer;

c.      producing the visual depiction involved using a minor engaged in sexually explicit conduct;

d.      the depiction is of a minor engaged in sexually explicit conduct; and

e.      the Defendant knew that at least one person in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

3.      Penalties

a.      The sentence provided by statute for Count One is not less than five (5) years and not more than twenty (20) years imprisonment, a $250,000 fine, and supervised release of at least five (5) years and not more than life.   In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013 per count of conviction, which will be due and should be paid at or before the time of sentencing.   This Court may also order the Defendant to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]   If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.   The Defendant understands that if she serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, her supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.   The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

b.      The defendant understands and agrees that as a consequence of her conviction for the crimes to which she is pleading guilty, she will be required to register as a sex offender in the place where she resides, where she is an employee, and where she is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of her residence.   Failure to do so may subject her to new charges pursuant to 18 U.S.C. § 2250.

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

5.      The Defendant understands that by entering into this agreement, she surrenders certain rights as outlined below:

a.      If the Defendant had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel.   That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.   Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.   The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.   The Defendant would have the right to confront and cross-examine the government's witnesses.   The Defendant would not have to present any defense witnesses or evidence whatsoever.   If the Defendant wanted to call witnesses in his defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in her own defense if she so chose, and she would have the right to refuse to testify.   If she chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from her decision not to testify.

e.      If the Defendant were found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against her.   By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.   By pleading guilty, the Defendant understands that she may have to answer the Court's questions both about the rights she is giving up and about the facts of his case.   Any statements the Defendant makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no

3

further trial or proceeding of any kind, and the Court will find her guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if she is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status.   Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.   Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

6.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.   The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.      Counts Three and Four-Distribution of Child Pornography

1.      The base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(2).

2.      Pursuant to U.S.S.G. §2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved distribution other than distribution as described in U.S.S.G. §§2G2.2(b)(3)(A) through (E).

3.      Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer.

4.      Therefore, the final adjusted offense level is twenty-six (26).

b.      Relevant Conduct-Production of Child Pornography

1.      The base offense level is thirty-two (32) pursuant to U.S.S.G. § 2G2.1(a).

2.      Pursuant to U.S.S.G. §2G2.1(b)(1)(B), there is a two (2) level increase because the victim in this case was over 12 but under 16 years old at the time of the offense.

3.      Pursuant to U.S.S.G. §2G2.1(b)(3), there is a two (2) level increase because the offense involved distribution.

4.      Pursuant to U.S.S.G. §2G2.1(5), there is a two (2) level increase because the minor was in the custody, care or supervisory control of the defendant.

5.      Therefore, the final adjusted offense level is thirty-eight (38).

    c.      Combined Offense Level

Because the relevant conduct related to the Production of Child Pornography which involved two victims, and the conduct specifically does not group pursuant to U.S.S.G. §3D1.2, two levels are added.   The Distribution of Child Pornography, which has an adjusted base offense level more than nine (9) levels lower than the Production of Child Pornography adjusted base offense level, is disregarded pursuant to U.S.S.G. §3D1.4.   The result is a two (2) level increase to the Production of Child Pornography adjusted base offense level of thirty-eight (38), which results in an adjusted base offense level of forty (40).

8.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.   This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of her intention to plead guilty.   This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about her involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw her plea of guilty.

**The final adjusted offense level, therefore, is thirty-seven (37).**

9.      The Defendant understands that there is no agreement as to her criminal history or criminal history category, and that her criminal history could alter her offense level if she is a career offender or if the instant offense was a part of a pattern of criminal conduct from which she derived a substantial portion of her income.

10.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, there are no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines which will be raised or are in dispute.

## Obligations of the United States Attorney's Office

11.    At the time of sentencing, the United States Attorney's Office will recommend a reasonable sentence which gives due consideration to the contemplated advisory Sentencing Guidelines range.

12.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Waiver of Appeal

13.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. §1291 or otherwise, to appeal the Defendant's conviction.

b.    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the U.S.S.G. range provided for at adjusted offense level 37, taking into consideration the Defendant's Criminal History Category as determined by the Court; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the U.S.S.G. range provided for at adjusted offense level 37, taking into consideration the Defendant's Criminal History Category as determined by the Court.

c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

14.    The Defendant agrees that she will not commit any offense in violation of federal, state or local law between the date of this agreement and her sentencing in this case.   In

6

the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for her conduct by failing to acknowledge her guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw her guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement.   Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.   As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence.   The Defendant acknowledges that she may not withdraw her guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Court Not a Party

15.    The Defendant expressly understands that the Court is not a party to this agreement.   In the federal system, the sentence to be imposed is within the sole discretion of the Court.   In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.   The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence.   Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.   The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.   The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of his obligations under this agreement.   The Defendant understands that neither the prosecutor, her counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.   The Defendant agrees that no one has made such a binding prediction or promise.

Forfeiture

16.    The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from during the course of this investigation, including, but not limited to: one (1) HP Pavilion Slimline s7700N PC, s/n CNH6522MHL, made in China, containing a Seagate 250 GB hard drive, s/n 9QE18GZN, made in Thailand; one (1) Sony laptop, model: PCG 7141L, service tag: C6U060DM, made in China, containing a Samsung 250GB hard drive, s/n: S1KJJ10Q80555S, made in Korea; one (1) Iomega external hard drive 1 TB, s/n THBK454712, made in China; one (1) Nokia cell phone, model 6030, FCC ID: QTLRM-225, made in Mexico; and one (1) Motorola Tracfone cell phone, MSN#K78USJ2QQH, IMEI:

012907005963774, made in China.   The Defendant further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

Restitution

17.   For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16.   Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution.   The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected.   18 U.S.C. §§2259, 3663A(b)(2) and (4).   The Defendant further agrees that she will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation.   The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution.   If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.   Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea.   If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

Entire Agreement

18.   This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.   The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,
Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

8

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney.   I understand it, and I voluntarily agree to it.   Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.   I am completely satisfied with the representation of my attorney.

11-15-13
_____
Date

Lori Fisher

I am Ms. Fisher's attorney.   I have carefully reviewed every part of this agreement, including the Sealed Supplement, with her.   She advises me that she understands and accepts its terms.   To my knowledge, her decision to enter into this agreement is an informed and voluntary one.

_____
Date

Mr. Jonathan P. Van Hoven